IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SANDRA DENIE HANNAH )
)
v. ) No. 3:07-1168
) Judge Nixon/Bryant
SOCIAL SECURITY ADMINISTRATION )

To:   The Honorable John T. Nixon, Senior Judge

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

In this Social Security appeal pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff seeks the reversal of the decision denying benefits by defendant Social Security Administration ("SSA"), with remand for further administrative consideration of "new medical evidence showing a significant change in the ongoing and continuing claim of mental depression and dysthymia." (Docket Entry No. 1 at 4) In support of this sole request for relief, plaintiff pleads as follows:

  a.   The mental health assessment of Mrs. Hannah performed at Centerstone on October 18, 2005 resulted in a diagnosis of Dysthymic disorder, early onset without atypical features. The GAF score at this examination was a 61.

  b.   The findings and interpretation of the ALJ with regards to this aspect of Mrs. Hannah's claim were consistent with the GAF score of 61 at this assessment.

  c.   Subsequent to the April 13, 2007 decision of the Administrative Law Judge, the Plaintiff had a second mental examination performed due to

1

increasing episodes of depression and anxiety.

    d.    The second mental assessment, performed at the Mental Health Cooperative on June 13, 2007, showed a major depressive disorder, recurrent, with Psychotic features.

    e.    The GAF score at the second mental assessment was a 40, resulting in a 21-point decline from the October 18, 2005 assessment.

    f.    The resulting drop of the GAF score is consistent with the original finding of dysthymia which can take up to two years to become fully manifested and can lead to a major depressive disorder in some cases.

    g.    The subsequent medical evidence is part of an ongoing and continuing claim of mental depression and should now be considered by this Honorable Court.

    h.    The current GAF score of 40 and resulting diagnosis is a significant change in Mrs. Hannah's mental state and would now render her unable to perform any of the jobs classified under 20 CFR 404.1560(c), 404.1566, 416.960(c) and 416.966.

Id. at 3-4.

Following defendant's filing of the administrative record of plaintiff's claims, plaintiff moved for judgment on that record (Docket Entry No. 14).

## II. DISCUSSION

Notwithstanding the caption of her motion, plaintiff makes clear in her supporting and reply briefs (Docket Entry Nos. 15, 19) that her argument here is not for judgment reversing the SSA's decision with remand, pursuant to the fourth sentence of 42 U.S.C. § 405(g); rather, plaintiff seeks *pre-judgment* remand pursuant to the sixth sentence of § 405(g), so that the agency may reconsider its decision in light of the new and material

2

evidence referenced in her complaint and attached to her brief (Docket Entry No. 15, Ex. 1).[1]
See generally Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994)(explaining distinction between sentence four and sentence six remand). No part of plaintiff's complaint or her motion for judgment invites review of the merits of defendant's decision on her claims, as there is no allegation that the Administrative Law Judge ("ALJ") lacked substantial evidentiary support or otherwise erred in ruling on the record that was before him. Accordingly, remand under sentence four is not in play here. See id.

Sentence six of § 405(g) allows a remand to consider evidence that was not previously before the agency, "but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding." Material evidence is evidence that would likely change the ALJ's decision. Bass v. McMahon, 499 F.3d 506, 513 (6th Cir. 2007). As noted by defendant, it is the April 13, 2007 decision of the ALJ -- rendered final by the Appeals Council's denial of substantive review upon a finding that plaintiff's new evidence is not material (Tr. 4, 5) -- which is the subject of this court's review. E.g., Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001). Neither plaintiff's allegations nor her proof cast any doubt whatsoever on the ALJ's determination of her condition prior to April 13, 2007, the date of his decision. Rather, plaintiff alleges that "[s]ubsequent to the April 13, 2007 decision of the Administrative Law

---

[1] Plaintiff blends the standards governing these two distinct types of remand with the nebulous assertion that "[t]here is new and material evidence to support the previous diagnosis of Dysthymia and an increased diagnosis of Major Depression which establishes that the plaintiff was under a disability within the meaning of the Social Security Act at some time from October 18, 2004 to September 10, 2007 when the Appeals Council denied the appeal." (Docket Entry No. 15 at 1-2) However, aside from this singular assertion, the remainder of plaintiff's papers clearly seeks remand for purposes of conducting a new hearing in light of new medical evidence.

3

Judge, the Plaintiff had a second mental examination performed due to <u>increasing</u> episodes of depression and anxiety"; the results of this second examination represented "a <u>significant change</u> in Mrs. Hannah's mental state [that] would <u>now</u> render her unable to perform [work]." (Docket Entry No. 1 at 3, 4)(emphases supplied)  Although plaintiff's complaint purports at the outset to "seek[] a judgment reversing the final decision of the Commissioner [of Social Security] ... and directing the [C]ommissioner to award ... benefits to plaintiff both retroactively and prospectively," it concludes by incongruously requesting "remand ... for a further hearing consistent with the [new] evidence here presented." (Docket Entry No. 1 at 1, 4)  This pleading and the subsequent arguing of plaintiff's case reflect a fundamental misunderstanding of the circumstances in which a sentence six remand is justified.

It is well established that sentence six remand is not appropriate to consider evidence that a claimant's condition worsened after the administrative hearing.  <u>E.g.</u>, <u>Wyatt v. Sec'y of Health & Human Servs.</u>, 974 F.2d 680, 685 (6th Cir. 1992).  Plaintiff's new evidence is not alleged to be material to her condition at any time prior to the ALJ's decision, nor does the undersigned find it to be.  Plaintiff's attempt to bridge the gap by characterizing the new evidence as "part of an ongoing and continuing claim of mental depression" is unavailing. Accordingly, plaintiff's request for remand based on new evidence must fail.  As plaintiff does not otherwise contest the ALJ's decision on her claims, it is recommended that her motion for judgment be denied, and that the SSA's decision be affirmed.  Plaintiff of course remains free to file new claims to benefits in light of the proof of her condition after April 13, 2007.

4

Case 3:07-cv-01168   Document 20   Filed 11/18/08   Page 4 of 5 PageID #: 95

## III. RECOMMENDATION

In light of the foregoing, the Magistrate Judge recommends that plaintiff's motion for judgment on the administrative record be **DENIED**, and that the decision of defendant be **AFFIRMED**.

Any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 18th day of November, 2008.

                                                  s/ John S. Bryant
                                                  JOHN S. BRYANT
                                                  UNITED STATES MAGISTRATE JUDGE